1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada

3  ALLISON J. CHEUNG, CSBN 244651
   Special Assistant United States Attorney
4  160 Spear Street, Suite 800
   San Francisco, California 94105
5  Telephone: (415) 977-8942
   Facsimile: (415) 744-0134
6  E-Mail: allison.cheung@ssa.gov

7  Attorneys for Defendant

8

9

10                    **UNITED STATES DISTRICT COURT**

11                           **DISTRICT OF NEVADA**

12  KAAREN MITCHELL,                    )
                                        )  Case No.: 2:20-cv-01936-EJY
13              Plaintiff,              )
                                        )  **UNOPPOSED MOTION FOR EXTENSION OF**
14      vs.                             )  **TIME TO FILE CERTIFIED**
                                        )  **ADMINISTRATIVE RECORD AND ANSWER;**
15  ANDREW SAUL,                        )  **DECLARATIONS OF JEBBY RASPUTNIS AND**
    Commissioner of Social Security,    )  **CHRISTIANNE VOEGELE**
16                                      )
                Defendant.              )  (*FIRST REQUEST*)
17                                      )

18

Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner"), by and through his undersigned attorneys, hereby moves for a sixty-day extension of time to file the Certified Administrative Record (CAR) and answer to Plaintiff's Complaint. The CAR and answer to Plaintiff's Complaint are due to be filed by January 19, 2021.

In light of the global COVID-19 pandemic, the Social Security Administration ("SSA" or the "Agency") has taken the unprecedented step of suspending in-office services to the public: https://www.ssa.gov/coronavirus/. The Agency is focusing on providing the most critical services by mail, phone and online to those most in need. SSA is also taking additional steps to protect its employees and help stop the spread of COVID-19, maximizing social distancing, including significantly limiting employee access to SSA facilities for health and safety only and has moved toward a temporary virtual work environment. Electronic processes allow some of SSA's most critical work to continue with minimal interruption; other workloads have been suspended until the health crisis abates or the Agency is able to create new electronic business processes.

For purposes of this particular case, the public health emergency pandemic has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church, Virginia. That office is responsible for physically producing the administrative record that is required to adjudicate the case under Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h). *See* SSA Program Operations Manual System GN 03106.025, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106025.

As detailed in the attached declarations, beginning March 16, 2020, OAO's staff members began to telework to protect employee health and prevent further spread of COVID-19. At that time, critical in-person physical tasks associated with preparing the administrative record could not be accomplished. For example, prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all

hearing recordings, which are part of the administrative record, were downloaded onto compact discs and encrypted. OAO securely routed the encrypted discs to a private contractor through a daily pickup and delivery service at the Official Duty Station (ODS) in Falls Church, Virginia. The private contractor would transcribe the hearing recording and send the paper copy of the hearing transcript back to OAO. OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file. Thereafter, OAO personnel would assemble the administrative record in a prescribed order.

      To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of administrative records. For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers. In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

      For cases in which OAO had not yet submitted recordings to the private contractors before March 16, 2020, OAO has been pursuing all available options to obtain transcriptions for these cases. In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription. Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files. The process is functioning now, albeit at only half of normal productivity.

      Given the volume of pending cases, Defendant requests an extension in which to respond to the Complaint until March 22, 2021. If in sixty days the CAR is not prepared, the Commissioner will file a status report with the Court as to when he expects the CAR to be completed.

1  On January 12, 2021, the undersigned conferred with Plaintiff's counsel, who has no opposition to
2  the requested extension.
3  It is therefore respectfully requested that Defendant be granted an extension of time to file the CAR
4  and answer to Plaintiff's Complaint, through and including March 22, 2021.

Dated:  January 12, 2021

NICHOLAS A. TRUTANICH
United States Attorney

/s/ *Allison J. Cheung*
ALLISON J. CHEUNG
Special Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 13, 2021